**UNITED STATES of America**

v.

**Carlos RECINOS–GALLEGOS**

**Carlos Recinos–Gallegos**

v.

**United States of America**

**Criminal No. S 99–0056.
Civil No. S 01–1936.**

United States District Court,
D. Maryland.

July 3, 2001.

---

Carlos Recinos–Gallegos, Milan, MN, pro se.

Lynne A. Battaglia, United States Attorney, Joseph L. Evans, Assistant United States Attorney, Baltimore, MD, for United States.

## MEMORANDUM OPINION

SMALKIN, District Judge.

Convicted, on his plea of guilty, of the offense of unlawful re-entry, 8 U.S.C. section 1326, the defendant has filed a motion for post-conviction relief, contending that equal protection is violated by the sentencing disparities between aliens and American citizens resulting from the fact that the former are subject to INS removal detainers, while the latter are not, which allegedly makes the aliens ineligible for certain early release considerations, such as assignment to drug programs and halfway houses. Because the Court's review of the present motion shows that it is plainly without merit, an order dismissing it summarily pursuant to Rule 4(b), Rules Governing Section 2255 Cases, will be entered, for the reasons that follow.

First, the motion is clearly time-barred, as it was not filed within one year of the date that the defendant's conviction became final, and there is utterly no showing that any of the tolling provisions of 28 U.S.C. section 2255 apply.

Second, on the merits, the motion is palpably without legal merit. The citations of authority in the defendant's motion all relate to whether a departure is warranted on the ground of an alien's situation within the federal prison system. It is obviously too late for a departure now. Furthermore, it has been persuasively held elsewhere that an equal protection challenge to an alien's ineligibility for prison programs and the like, as urged by the present motion, is not a ground for relief under 28 U.S.C. section 2255, but should be presented in a habeas corpus petition under section 2241. *United States v. Acevedo,* 246 F.3d 682, 2001 WL 280485 (10th Cir.2001). Even if it were presented in a section 2241 petition (which is how the Court will also construe this motion), the defendant's contention of equal protection violation would be lacking in merit, on the basis of the reasoning in the trial court's opinion in the *Acevedo* case, *viz., United States v. Acevedo,* 2000 WL 764563 (D.Kan.2000), which this Court adopts.

Finally, even if the present motion attacked the effectiveness of the defendant's counsel for not seeking a departure on the ground of the allegedly harsher treatment of aliens within the prison system (which it does not do in terms), the Court would hold the claim meritless, for lack of prejudice to the defendant. No departure would have been granted by the under-

signed, in the exercise of his discretion, on the basis of that argument, which has been made to, and rejected by, the undersigned in many criminal cases, as it would have been rejected in this one. In this regard, the Court adopts also the reasoning of the trial and appellate courts in the *Acevedo* case, *supra.*

For the stated reasons, an order will be entered separately, denying and summarily dismissing the section 2255 motion of the defendant.

### ORDER

For the reasons stated in a Memorandum Opinion of even date herewith, it is, by the Court, this 3rd day of July, 2001, ORDERED:

1. That the section 2255 motion of the defendant, construed as such and also construed as a petition for relief under 28 U.S.C. section 2241 BE, and it hereby IS, summarily DENIED and DISMISSED pursuant to Rule 4(b), Rules Governing Section 2255 Cases; and

2. That the Clerk mail copies hereof and of the said Opinion to defendant and to Assistant United States Attorney Joseph Evans.